**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**WILLIAM RAY COLLINS, #56532**                                                    **PETITIONER**

**VERSUS**                                                    **CIVIL ACTION NO. 1:03-CV-304-DMR-JMR**

**DOLAN WALLER, Warden; and
MIKE MOORE, Attorney General**                                                    **RESPONDENTS**

**ORDER DISMISSING PETITION WITH PREJUDICE**

BEFORE THE COURT is the Petition of William Ray Collins, #56532, seeking a Writ

of Habeas Corpus pursuant to 28 U.S.C. §2254.  And the Court, having carefully reconsidered

said motion, the petition, and the record before it, as well as the applicable case law, and those

grounds including but not limited to ineffective assistance of counsel in Ground III, as set forth

herein, is of the opinion that the grounds sought in the petition are not well taken and the

Petition should be dismissed on all grounds with prejudice.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 5, 2004, this Court entered a Memorandum Opinion and Order and Final

Judgment [Doc. Nos. 11 and 12] in this cause which included, *inter alia*, the dismissal of the

Petition filed herein by William Ray Collins.  Thereafter, Petitioner Collins filed an Appeal

with the United States Court of Appeals for the Fifth Circuit.  On February 24, 2005, the  Fifth

Circuit vacated this Court's March 5, 2004, Memorandum Opinion and Order and Final

Judgment, and remanded this matter back to this court; the Fifth Circuit directed this court to

reconsideration of all ten of the Petitioner's claims and to construe them concomitantly with

Petitioner's ineffective assistance of counsel claim which it found this court did not address.

Specifically, at this time the Petitioner is lawfully in the custody of Lawrence Kelly,

Superintendent of the Mississippi State Penitentiary, Parchman, Mississippi, after having been

tried and convicted of the crime of armed robbery in the Circuit Court of Harrison County,

Mississippi.  Collins was sentenced to serve a term of forty (40) years in the custody of the

Mississippi Department of Corrections.  *See* State Court Clerk's Papers ©. P.), pp. 205-06.

Collins, through counsel, appealed the conviction and sentence to the Mississippi

Supreme Court, assigning as error the following:

> A.  The Court erred in denying Collins' Motion to Dismiss for
> violation of his constitutional and statutory right to a speedy trial.
> B.  The Court erred in overruling Batson challenges and in taking
> judicial notice of lack of discrimination on the part of the district
> attorney's office.
>
> C.  The Court erred in allowing into evidence the money found in
> the car and photographs of the bank bags.
>
> D.  The verdict of the jury was against the overwhelming weight
> of the evidence, was not supported by credible evidence, and
> evidences passion, bias and prejudice on the part of the jury.

On May 28, 2002, the Mississippi Court of Appeals affirmed Collins' judgment of conviction

and sentence (as well as the conviction and sentence of his co-defendant, Ervin Winters) in a

written opinion, *See* Exhibit A.  *Collins and Winters v. State,* 817 So. 2d 644 (Miss. App.

2002).

Thereafter, Collins, proceeding *pro* se, filed an "Application For Leave To Proceed In

The Trial Court" and a "Motion for Post Conviction Collateral Relief" in the Mississippi

Supreme Court.  Collins raised the following grounds for relief:

> A.  The verdict of the jury was against the legal sufficiency of the
> evidence as a matter of law.
>
> B.  Petitioner's "appellate" counsel was ineffective by counsel
> failing to raise viable constitutional claims on appeal that would
> have resulted in a reversal of petitioner's conviction.
>
> C.  Petitioner's trial counsel was constitutionally ineffective as a
> matter of law, in violation of petitioner Sixth Amendment right.

D.  The trial court committed reversible error by overruling petitioner's motion to suppress the alleged statement made to Gulfport police officer Keith Davis.

E.  The court committed reversible error by allowing the State to admit into evidence a video tape which had not been properly authenticated and the chain of custody had not been properly established.

Thereafter, Collins filed a "Motion to Supplement Post-Conviction and Application To Leave To Proceed In The Trial Court, raising these additional grounds:

F.  The trial court committed reversible error in allowing bank teller "Susan Danko" to testify to the authentication of the surveillance tape of the alleged bank robbery.

G.  The trial court committed error in permitting the State to amend the petitioner's indictment by altering the date of the offense from October 9, 1999 to November 9, 1999.

In addition, Collins also filed an additional pleading entitled "Motion to Supplement Application To Leave In The Trial Court and Post-Conviction" adding the following ground to his application:

H.  The State prosecutor presented "false evidence" and "perjured testimony" in petitioner's trial in violation of the Fourteenth Amendment of the United States Constitution.

On April 10, 2003, the Mississippi Supreme Court entered an Order denying Collins' application for leave to proceed in the trial court.  *See* Exhibit B (Cause No. 2002-—0365). Specifically, the court held:

After due consideration, the panel finds that Collins' claim that the evidence was insufficient to support the verdict is procedurally barred pursuant to Miss. Code Ann. § 99-39-21(3). The panel further finds that Collins' claims that he was denied effective assistance of counsel on appeal fail to meet the standards required by *Strickland v. Washington,* 466 U.S. 668 (1984).  The panel further finds that Collins claims that he was denied effective assistance of counsel at trial are procedurally

3

> barred pursuant to Miss. Code Ann. § 99-39-21(1) and also fail to meet the standards required by *Strickland*. The panel further finds that Collins' claims that his motion to suppress certain testimony should have been granted, that the admission of a video tape was improper, that the indictment was improperly amended, and that the prosecutor presented false evidence and perjured testimony are procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1). The panel finds that Collins has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).

*See* Exhibit B. The order also held that "[t]he issues raised in Collins' motions to supplement his application were considered by the panel and those motions should be dismissed as moot." *See* Exhibit B.

## II. COLLINS' WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

Petitioner Collins' claims as stated in Grounds One, Two and Ten of his federal habeas petition filed before this Court were raised to the Mississippi Court of Appeals on direct appeal of Collins' conviction and sentence and denied on the merits.

The record reflects that Collins did not follow state court procedural rules by filing a motion for rehearing or a writ of certiorari to have those claims reviewed in the state's highest court. A decision rendered by the Court of Appeals is final and not reviewable except by writ of certiorari.[1] Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

> A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not a matter of right, but a mater of

---

[1] In 1993, the Mississippi Legislature created the Court of Appeals to relieve the overwhelming caseload handled by the Mississippi Supreme Court. The Court of Appeals actually began operating in January of 1995. All direct appeals are first filed with the Mississippi Supreme Court, but according to statute and court rules, the Supreme Court has the complete discretion to assign cases to the Court of Appeals, except that it must retain all cases imposing the death penalty and all cases "involving utility rates, annexations, bond issues, election contests, or a statute held unconstitutional by the lower court." *See* MISS. CODE ANN. § 9-4-3(1); M.R.A.P. 16(b).

> judicial discretion.  The Supreme Court may grant a petition for
> writ of certiorari on the affirmative vote of four of its members and
> may, by granting such writ, review any decision of the Court of
> Appeals.  Successive review of a decision of the Court of Appeals
> by the Supreme Court will ordinarily be granted only for the
> purpose of resolving substantial questions of law of general
> significance. . . .

Thereafter, Rule 17(a) enumerates the types of cases for which review is ordinarily limited.

However, the rule also clearly states:

> Notwithstanding the presence of one of more of these factors, the Supreme Court
> may decline to grant a petition for certiorari for review of the decision of the
> Court of Appeals.  The Court may, in the absence of these factors, grant a writ of
> certiorari.

The creation of the Mississippi Court of Appeals was found permissible under the Mississippi Constitution as an "inferior" court.  *Marshall v. State*, 662 So.2d 556, 570-572 (Miss. 1995).  Respondents submit that it is clear that the Mississippi Supreme Court has sole discretion over whether or not to review the intermediary Court of Appeal's decisions in any case it so desires.  Appellants clearly have no right to review, but certainly have the right to **seek** discretionary review.  *See Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997).

Collins failed to file both a petition for rehearing pursuant to M.R.A.P. 40 and a petition for writ of certiorari under M.R.A.P. 17(b).  The Respondents have argued that since petitioner did not seek discretionary review with the Mississippi Supreme Court, he failed to exhaust his state court remedies as required by 28 U.S.C § 2254( c); *Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999).

In *O'Sullivan v. Boerckel*, the United States Supreme Court held that a state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the State's ordinary appellate review procedure.  119 S.Ct. at 1730.  By failing to file a petition or thereafter a petition for writ of certiorari, Collins has failed to give the state one full

opportunity to resolve any constitutional issues, as he failed to complete one round of the state's established appellate review process. *O'Sullivan*, 119 S.Ct. at 1732. Illinois' two-tiered appellate review procedure analyzed in *O'Sullivan* is extremely similar to the one now used in Mississippi with the Court of Appeals as described above.[2]

Furthermore, like the petitioner in *O'Sullivan*, Collins' means to exhaust Grounds One, Two and Ten are no longer available, as the time for filing for state court review has long passed. *See* M.R.A.P. Rule 40 (setting fourteen day time period to file a motion for rehearing) and M.R.A.P. 17(b) (fourteen day time period to file for certiorari after Court of Appeals decision). Therefore, a return to state court now would be fruitless as the time for such review has expired. Accordingly, petitioner's claims in Grounds One, Two and Ten are procedurally barred under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice. *O'Sullivan*, 119 S.Ct. at 1734 (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual

---

[2]Respondents note that the *O'Sullivan* opinion did make clear that the Supreme Court's decision does not mandate exhaustion to those states specifically provide that such a remedy [discretionary review] is unavailable. *O'Sullivan*, 119 S.Ct. at 1734; *see also* Justice Souter's concurring opinion in *O'Sullivan*, 119 S.Ct. at 1734-35.

Respondents submit that the Mississippi Supreme Court had an opportunity to state whether or not certiorari was necessary for exhaustion, but has yet to do so. In a dissenting opinion in *Harris v. State*, Justice McRae opined:

> Today's decision, however, does not make clear that a decision by the Court of Appeals is a final decision from which an appeal may be made in federal court or that the filing of a motion for postconviction relief, a civil matter, should not be considered a requisite part of exhausting one's state remedies before proceeding in federal court.

*Harris v. State,* 704 So.2d 1286, 1295 (Miss. 1997), *abrogated on other grounds,* 732 So. 2d 187 (1999).

prejudice.  *See Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted).  Respondents submit that Collins  cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of his claims despite the procedural bar because no external impediment existed to prevent him from filing a petition for rehearing or ultimately seeking certiorari to the Mississippi Supreme Court, the state's highest court.  *See United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991).  Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice.  *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996).

Further, the failure of this Court to consider Collins' claims will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)).  The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).  Under that standard and in light of the testimony presented at trial in support of his conviction as well as the appellate court's determination that the conviction was supported by sufficient evidence, Collins falls far short of establishing that a fundamental miscarriage of justice will result if his claims are not considered on the merits.  Accordingly, habeas relief can not be granted with respect to the above stated allegations in Grounds One, Two and Ten of the instant petition.

Similarly, Collins' claims in Grounds Four, Five, Six, Seven, Eight and Nine are barred from review in federal habeas.  These grounds were raised by Collins in his motion for post-conviction relief in state court and held to be procedurally barred from review by the Mississippi Supreme Court.  In dismissing Collins' motion for post-conviction relief, the court, citing Mississippi Code section 99-39-21, determined that "Collins' claims that he was denied effective assistance of counsel at trial are procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1) . . . ."  The Order also stated that "[t]he panel further finds that Collins' claims that his motion to suppress certain testimony should have been granted, that the admission of a video tape was improper, that the indictment was improperly amended and that the prosecutor presented false evidence and perjured testimony are procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1)."

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2253-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott,* 61 F.3d 333, 338-39 (5th Cir. 1995)).  As the court noted, the procedural bar imposed by the court precluding review of the issues raised by Collins in his application is stated in Miss. Code Ann. § 99-39-21(1).[3]  The Fifth Circuit has held that section 99-39-21(1) is an independent state procedural bar.  *Stokes v. Anderson,* 123 F.3d 858, 860 (5th Cir. 1997). As the court noted in *Stokes*, the adequacy of the bar at issue as applied

---

[3]Section 99-39-21(1) of the Mississippi Code states:

"Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable or determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

to Collins' claims in state court depends on "whether Mississippi has strictly or regularly applied [them]." *Id.* (*citing Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). However, the petitioner, Collins, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* (citations omitted). Like the petitioner in *Stokes*, Collins has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Respondents previously submitted, and this Court agrees, that because the claims in Grounds Four, Five, Six, Seven, Eight and Nine were denied by the state court pursuant to an independent and adequate state law, these claims are precluded from federal review in a habeas corpus action, absent exceptional circumstances, under the authority of *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see Memorandum Opinion and Order of March 5, 2004, p. 6. Federal courts will not review a state court's holding on federal law claims if that holding rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the state court's judgment. *See Sawyers v. Collins,* 986 F.2d 1493, 1499 (5th Cir. 1993) (*citing Harris v. Reed,* 489 U.S. 255, 260-63, 10 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989)). Consequently, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991) (*citing Wainwright v. Sykes,* 433 U.S. 72**,** 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-92, 106 S.Ct. 2639, 2643-48, 91 L.Ed.2d 397 (1986). Federal habeas courts are estopped from reviewing state cases applying an independent and

adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice, which respondents submit petitioner cannot show, as has been previously discussed.  *See Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted).

Further, petitioner has failed to show a "fundamental miscarriage of justice" necessary to circumvent the bar.  *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).  Clearly, as discussed above, the facts of the instant case fall far short of establishing that a fundamental miscarriage of justice will result if Collins' claims are not considered on the merits.  Accordingly, habeas relief cannot be granted with respect to Grounds Four, Five, Six, Seven, Eight and Nine of the instant petition.

Alternatively, assuming *arguendo* that Collins' claims in Grounds One, Two and Ten were not barred from review under *O'Sullivan*, *supra*, and that Collins' claim of ineffective assistance of trial counsel in Ground Four is not barred from review pursuant to Miss. Code Ann. § 99-39-21(1),[4] the Respondents previously submitted that said claims were raised either

---

[4]The Mississippi Supreme Court held Collins' claim of ineffective assistance of counsel to be barred from review because Collins had different counsel on direct appeal than the counsel who represented him at trial. However, the court also found alternatively that Collins' claims of ineffective assistance of counsel were without merit.  Out of an abundance of caution, respondents did address Collins' claims of ineffective assistance of counsel. *See Massaro v.*

to the Mississippi Court of Appeals on direct appeal or to the Mississippi Supreme Court in

Collins' motion for-post-conviction relief and found to be without merit.  Likewise, Collins'

claim of ineffective assistance of counsel on appeal in Ground Three was raised to the

Mississippi Supreme Court in Collins' motion for post-conviction relief and found to be

without merit. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), and because these issues were decided on the merits, habeas relief cannot be

granted with respect to Collins' claims in Grounds One, Two, Three, Four and Ten of the

instant petition. *See* 28 U.S.C. § 2254(d) and § 2254(e)(1).  28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim–
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
>  law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact.  *Drinkard v. Johnson,* 97 F.3d

751, 767-68 (5th Cir. 1996).  Subsection (d)(2) permits federal court relief only if the state

court adjudication of the claim resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence.  *Lockhart v. Johnson,* 104 F.3d 54, 57 (5th

Cir. 1997).  Petitioner's claims involve mixed questions of law and fact.  Therefore, subsection

(1) of §2254(d) governs the claims and dictates that a federal court cannot grant habeas relief

---

*United States,* 538 U.S. 500, 123 S.Ct. 1690 (U.S. April 23, 2003) (holding that under § 2555, an
ineffective assistance of counsel claim may be brought in that collateral proceeding, whether or
not the claim could have been raised on direct appeal).

unto the petitioner unless it determines "that the state court's decision involved an unreasonable application of the law to the facts." *Moore v. Johnson,* 101 F.3d 1069, 1075-76 (5th Cir. 1996) (citing *Drinkard,* 97 F.3d at 767-68).

Pursuant to the "unreasonable application" standard of review of a state court decision, a federal court may not grant habeas relief "based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review." *Drinkard,* 97 F.3d at 768. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000), modified the habeas standard announced in *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996). In *Williams*, the United States Supreme Court recently concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*. In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. In other words, "a federal court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was **objectively** unreasonable." *Williams v. Taylor*, 120 S.Ct. at 1521 (emphasis added). This objective standard takes precedent over the heretofore subjective standard previously advocated pursuant to *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996) (the "all reasonable jurists" standard).

12

The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id. See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Hill v. Johnson*, 210 F.3d 381 (5th Cir. 2000) (discussing the principles of *Williams*, *supra*). Furthermore, findings of fact made by the state court are presumed correct, and Collins, as the petitioner, has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). This Court does not find that the Petitioner has so rebutted this presumption.

Specifically, in Ground One, Collins argues that his right to a speedy trial was violated by the trial court.[5] The Mississippi Court of Appeals reviewed Collins' argument that his rights to a fast and speedy trial had been violated and found the issue to be without merit; said court meticulously listed all pertinent dates and action in the case against Collins prior to trial to determine whether Collins had been denied a speedy trial.[6] Thereafter, the court discussed both the statutory right to a speedy trial (not at issue here) and the constitutional right to a speedy trial. *Collins v. State,* 817 So. 2d at 649-652. With regard to the constitutional right to

[5]Collins states his issue in Ground One as follows: "By the trial court ruling on petitioner's speedy trial claim three days after the trial had commenced denied the petitioner of his basic and fundamental right to due process of the law guaranteed by the Constitution." The claim raised by Collins in his direct appeal challenged that he was tried in violation of his right to a fast and speedy trial. Respondents liberally construed this argument to be the speedy trial issue raised on appeal.

[6]There was also a lengthy discussion of the pertinent dates and action in the case in the state court record. *See* State Court Record (S.C.R.), pp. 244-321; 324-338.

a speedy trial, the court analyzed the data under the four factors set out by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).  The court thoroughly analyzed the facts relevant to the (1) length of delay; (2) the reasons for delay; (3) assertion of the right by the defendant; and (4) prejudice. *Collins,* 817 So. 2d at 653-55.  Thereafter, the court concluded that "[a]fter considering the *Barker* factors, we find no violation of the constitutional right to a speedy trial." *Id.* at 655.  Clearly, the state court's decision was not contrary to or an unreasonable application of clearly established Federal law, and, therefore, respondents submit that habeas should not be granted on Collins' claim in Ground One.  This Court previously construed the issue as barred, holding the claim would be barred from review in federal habeas as it would not have been presented to the state court for review. *See Sones, supra.*; Court memorandum opinion and order of March 5, 2004 [Doc. No. 11].  Now, reviewing the Petitioner's ineffective assistance of counsel claim, this Court remains to be of the opinion that this ground is procedurally barred.

Collins argues in Ground Two that the verdict was against the legal sufficiency of the evidence as a matter of law.  This claim was also raised in Collin's direct appeal to the Mississippi Court of Appeals.  A challenge to the sufficiency of the evidence can support a claim for habeas relief **only** if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985).  This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also

support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

In the instant case, Collins presented argument to the state court challenging the sufficiency of the evidence to support his conviction for armed robbery. After discussing the appropriate standard of review as well as the facts of this case and the necessary elements of the crime, the court found that the evidence before the court was sufficient to sustain the conviction. *Collins,* 817 So. 2d at 658. Specifically, the court found that the testimony of one eyewitness was sufficient to establish that the robbery was committed with a gun. The court concluded that based on the testimony of Susan Danko (the bank teller who witnessed the robbery), a "reasonable and fair-minded juror could have found the robbery was committed with the aid of a handgun." *Id.* at 658. In light of the testimony presented at trial taken in the light most favorable to the State and in light of the State court's findings, Collins cannot argue that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson, supra.*

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). Collins has presented nothing in his habeas petition to overcome the deference afforded the state appellate court's decision. Furthermore, Collins has failed to prove that the state court decision affirming his conviction was an unreasonable application of law to the facts. *See Williams v. Taylor, infra*. Accordingly, Collins is not entitled to relief based on his claim in Ground Two of the instant petition.

15

Grounds Three and Four raise claims of ineffective assistance of counsel at trial and on appeal. Specifically, Ground Three, not previously addressed by this Court, challenges that appellate counsel was ineffective for failing to raise "viable" issues on appeal. Ground Four raises numerous claims of ineffective assistance of trial counsel. The Mississippi Supreme Court reviewed both claims under the appropriate standard, citing the United States Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Further, without waiving the procedural bars applicable to Ground Three as discussed above, Collins' claims of ineffective assistance of counsel in Grounds Three and Four are also without merit. Petitioner fails to satisfy the stringent standard for claims of ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* requires a showing of both deficiency on the part of counsel, *i.e.* that counsel's conduct fell below a standard of objective reasonableness, **and** a resulting prejudice to the outcome of the trial. Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; counsel's errors must be shown to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687; *see also Bridge v. Lynaugh,* 838 F.2d 770, 773 (5th Cir. 1988). Failure to establish both prongs of the *Strickland* test warrants rejection of the claim. *See Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998).

In Ground Three, Collins argues that appellate counsel was ineffective for failing to present viable issues on appeal. "Because a criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal as of right (citation omitted), the *Strickland* standard applies to claims of ineffective assistance of counsel by both trial and appellate counsel.

16

*See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052;  *United States v. Merida,* 985 F.2d 198, 202 (5th Cir.1993)."  *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001).  While Collins is clearly entitled to effective assistance of counsel in his first appeal of right, "counsel is not required to raise every nonfrivolous issue." *Givens v. Cockrell,* 265 F.3d 306, 310 (5th Cir. 2001) (citation omitted).  The Fifth Circuit has held that counsel is not ineffective merely because of a failure to raise issues requested by the defendant or for failure to raise every possible point on appeal. *Green v. Johnson*, 116 F.3d 1125, 1126 (5th Cir. 1997); *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991).

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders* [*v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)]. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Jones v. Barnes*, 103 S.Ct. 3308, 3314, 463 U.S. 745 (1983).  Counsel is not required to bring as error every spurious claim that a client might request, because such a practice frequently deflects from the meritorious claims; "[a] brief that raises every colorable issue runs the risk of burying good arguments – those that . . . 'go for the jugular.'" *Id*. at 3313.  *See also Foster v. State*, 687 So.2d 1124, 1138 (Miss. 1996) ("Defense counsel assigned to prosecute appeal from criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by defendant.").  The decision regarding which issues to pursue on appeal is one of strategy, and Collins has failed to prove that counsel's strategy was ineffective in any manner.

Further, the trial court did not err in ruling on the matters deemed "viable issues" as discussed by Collins in his habeas petition.  Accordingly, because there was no error at trial, by extension, there is no error at the appellate level for failure to assert such an error and resulting prejudice.  *Mayabb v. Johnson,* 168 F. 3d 863, 869 (5th Cir. 1999).

17

Finally, Collins has also failed to prove that he was prejudiced by his counsel's failure to raise the issues in the direct appeal brief.  That is, Collins has failed to show "a reasonable probability that, but for his counsel's unreasonable failure [to raise the issues], he would have prevailed on appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

The Fifth Circuit noted in its opinion of February 24, 2005, vacating this Court's previous final memorandum opinion and order of March 5, 2004, that Collins asserts that the death of his appellate counsel during the pendency of his direct appeal and the alleged failure of the Mississippi Supreme Court to appoint counsel caused his failure to exhaust the claims asserted on direct appeal; with respect to the six grounds for relief dismissed based on the existence of an independent and adequate state ground, Collins argues that his appellate counsel should have raised these claims on direct review. (Opinion  p. 2).  This Court would note that Collins' pleadings do not support such assertions; for example, Collins' Exhibit L is an order of the Supreme Court of Mississippi, entered in *Collins, et al. v. State of Mississippi*, No. 2000 - KA- 01878, which reflects that as of January 15, 2002, when said order was entered, that Collins was displeased with duly appointed counsel and wished to submit a supplemental *pro se* brief; counsel had failed to timely file a brief and the appeal was dismissed as to Collins, but the court reinstated Collin's appeal on motion of counsel, and Collins' primary brief was filed on October 15, 2001.   Collins' Exhibit M to his Objection to this Court's dismissal of his habeas petition [Doc. No. 14], reflects that as of the date of the order of April 22, 2002, of the Mississippi Court of Appeals, entered in *Collins, et al. v. State of Mississippi*, No. 2000 - KA- 01878, that Collins was desiring to proceed *pro se* and had learned of the death of his previous counsel on December 26, 2001, and stated that he did not wish to have other counsel appointed; Collins' request to file supplemental briefs *pro se* was denied.

Furthermore, Collins' numerous claims of ineffective assistance of trial counsel in Ground Four of his petition failed to constitute a deficiency in performance. A petitioner shoulders a heavy burden to overcome a presumption of strategically motivated counsel conduct and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). The proper measure of performance by an attorney is reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 690; *see also Russell v Lynaugh,* 892 F.2d 1205, 1213 (5th Cir. 1989).

Collins argues that counsel was ineffective for failing to cross-examine the prosecution's key witness on what he terms "impeachment photos." After the State had rested its case, Collins made an outburst in the jury's presence that the videotape in evidence was not accurate, waving certain photographs in his hand as he made his declaration. S.C.R., p. 764. Thereafter, there was a lengthy discussion on the record regarding still photographs from a 35 mm film of the bank which had been provided to the defense in discovery and whether those pictures should have been admitted for the jury to review. *See* S.C.R., pp. 764-826. The State had introduced the video tape of the robbery, as well as a still photograph taken from the video, but the still photographs taken by the 35 mm were not in evidence. The record reflects that neither the videotape or the still photographs reflect a gun in the perpetrator's hand during the robbery.[7] The record also reflects the prosecutor's belief that the still pictures did not depict anything different than what had been testified to or shown to the jury on videotape. S.C.R. 771. Ultimately, the trial judge allowed the defense to reopen the case and introduce all the photos into evidence for the jury to review in addition to the photographic and video evidence

---

[7] The district attorney noted that the reason that a gun was not visible in the still photographs was because the robber's hand was behind the counter when the pictures were taken. S.C.R., p. 780.

of the crime already before them.  The parties entered into a stipulation regarding the photographs, which was read and explained to the jury.  S.C.R., pp. 799, 805.  Collins argues that defense counsel was ineffective for not cross-examining the witness, Susan Danko, about the photographs in question after they were admitted into evidence.

Respondents submit that Collins' claim is obviously without merit.  The record reflects that counsel thoroughly cross-examined Danko with regard to her recollection of the robbery, any inconsistencies in statements given to law enforcement after the crime, and whether she did, in fact, see a gun in the robber's hand after she had been briefly knocked unconscious.  In addition, counsel questioned Danko on whether she saw a gun on the video of the robbery, and she affirmatively stated that she did not see a gun in that video. S.C.R., p. 497.  Clearly, the fact that counsel did not recall Danko to ask whether she saw a gun in the still pictures after they were admitted was not ineffective, as counsel already had Danko admit that the video did not reflect that the robbers had a gun. Any testimony or question about still photographs would have been cumulative.

Moreover, Collins fails to show how he was prejudiced by counsel's failure to specifically questioning Danko about the still photographs after they were introduced. The jury heard Danko's testimony that she saw a gun, and defense counsel challenged her credibility by bringing to the jury's attention the photographic evidence that failed to reflect a gun and questioning Danko with regard to whether she actually saw a gun in the video.  In addition, the remaining photographs were also submitted to the jury showing additional views of the robbery and no gun in contrast to Danko's testimony that the robber brandished a weapon. Clearly, Collins cannot show that but for the alleged error, the outcome of the trial would have been different.

Collins also argues that counsel was ineffective for failing to file a pretrial motion to suppress the state's evidence; this issue is likewise without merit as counsel chose to challenge the evidence as the State attempted to admit it rather than make a motion to suppress. The record reflects that counsel made numerous objections throughout the trial to the admission of numerous exhibits proffered by the State. *See, e.g.,* S.C.R., pp. 486, 566, 574, 614, 616, 619, 626, 640, 643, 644, 649-50, 649-62, and 722. The admissibility of the State's exhibits was clearly before the trial court, and counsel was very thorough in his objections to the evidence which he deemed inadmissible. Therefore, this issue is without merit, as counsel's performance in challenging the State's evidence was not deficient. Moreover, Collins fails to point to any evidence admitted which prejudiced his trial.

In addition, Collins argues that counsel was ineffective for failing to request a mistrial after discovering the video tape of the bank may have been altered. When the videotape of the robbery was initially offered into evidence by the State, counsel lodged an objection based on identification and authenticity. S.C.R., pp. 486-87. Moreover, counsel voir dired the witness on the admission of the tape. S.C.R., pp. 487-88. Counsel again lodged his objection, stating that the proper predicate had not been laid to show whether the tape depicted the scene at the time of the robbery and that the videotape could have possibly been edited or altered. S.C.R., p. 488. The court overruled counsel's objection based on the judge's finding that the witness testified that the scene on the video was a fair and accurate portrayal of what happened the day of the robbery, and the tape was played for the jury. S.C.R., p. 488. After discussion between the court and the parties, a copy of the video was made to show only a short period before and after the robbery rather than countless hours of video of the bank that had no relevance to the case. S.C.R., pp. 540-42. Both defense counsel reserved the right to view the tape with their client at break to determine if the shortened version was a correct copy of the tape previously

21

shown to the jury. S.C.R., p. 542.  Thereafter, a shortened version of the bank's daily video was substituted in evidence.  S.C.R., p. 749.

It was at some point after the shortened video was admitted that Collins made his outburst in the courtroom as discussed above.  Collins claimed, in the presence of the jury, that the video was not the original tape which he claimed "showed his innocence." S.C.R., pp. 764-65.  After the judge had returned order to his courtroom, defense counsel stated on the record that he had discussed the issue of the videotape with Collins and advised him that an objection had been lodged at the time the tape was originally played for the jury.  S.C.R, p. 766.  Counsel informed Collins that he had objected to the tape being offered into evidence on "the grounds that the proper predicate had not been laid and on the grounds of chain of custody," and discussed with Collins that the issue had been properly preserved for appeal. S.C.R., p. 766.  Counsel noted on the record that after discussing the issue with Collins, he thought everything was okay and could not explain Collins' outburst to the court.  S.C.R., p. 766.

Counsel had lodged his objection to the video at the time it was originally offered into evidence.  Thereafter, counsel had agreed to the substitution of a shortened version of the video, as his objection to its admission had already been overruled by the court.  However, the issue was properly preserved for appeal if counsel had chosen to challenge the court's ruling on appeal.  There was no need for counsel to make a motion for mistrial since the issue had been litigated and preserved for appeal.  Moreover, there was no basis to move for a mistrial with regard to the admission of the videotape. Therefore, counsel cannot be found ineffective for failing to file a motion for mistrial, and Collins' claim is clearly without merit.  *See, e.g., Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *see also Jackson v. Johnson,* 150 F.3d 520, 525-26 (5th Cir. 1998) ("An attorney's failure to raise a meritless argument thus cannot form

the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

Collins also contends that counsel was ineffective for failing to request a lesser included instruction. Collins argues that the state's case against him for armed robbery was very weak, relying solely on the evidence of one witness.  The Respondents have submitted, however, that counsel's decision not to request a lesser instruction on robbery was clearly a strategic decision.  Neither counsel for Collins or counsel for his co-defendant requested a lesser-included instruction. Rather, the record reflects that counsel chose to focus on the fact that only one witness, who admittedly was briefly knocked unconscious, testified that Collins had a gun at the time of the robbery.  No other witness for the State indicated that the robbers had a weapon, and there was no evidence of a weapon in the video or still pictures introduced at trial. In fact, counsel argued in his closing arguments that "the State absolutely failed in its proof to prove by good, credible evidence that there was a gun." S.C.R., p. 816.  Counsel pointed out to the jury that Ms. Danko, the State's only witness who testified that there was a gun, was unconscious for about thirty (30) seconds.  S.C.R., p. 816.  Moreover, counsel attacked her credibility and her testimony that she was "pretty sure" she saw a gun. S.C.R., p. 816.  Counsel summed up with the following: "I just want to reiterate that the State has totally failed in presenting good, credible evidence that there was an armed robbery that even occurred that day because they have failed to prove beyond a reasonable doubt that there was a gun used that day." S.C.R., p. 819.

This Court agrees with the respondents that it was reasonable for counsel to put the State to its burden of proof on the elements of armed robbery, rather than the elements of robbery. There was clearly abundant testimony and evidence before the jury to find Collins guilty of robbery.  However, had counsel's argument and cross-examination of the witness at

issue been enough to convince the jury that there was reasonable doubt about whether there was an armed robbery, *i.e.* that a gun was used in the robbery, the jury did not have the option of finding Collins guilty of the lesser offense of robbery; rather, the jury would have had to acquit Collins of armed robbery.   In addition, it is also noted that Collins' appellate counsel challenged the sufficiency of the verdict on that issue alone - *i.e.,* that witness Susan Danko's testimony was insufficient to support a verdict of armed robbery.  Counsel was not ineffective for putting the State to its burden of proof and attempting to get an all-out acquittal based on the lack of proof of armed robbery, rather than risk a conviction of robbery.

Collins challenges that counsel was also ineffective for failing to conduct an independent investigation and interview state's witnesses.  Specifically, Collins argues that counsel should have subpoenaed the medical records of the State's witness, Susan Danko, to find out what she was treated for after the robbery.  Yet, according to Collins, had counsel obtained her medical records, he would have presented an expert on unconscious individuals and their recollection in an unconscious state.  Danko testified that at the time of the robbery, one of the robbers "vaulted" to the counter and slammed her into the file cabinet. S.C.R. , p. 476.  Danko indicated that she was probably knocked out for a few seconds, but came to and saw a person dressed in black with a gun in his hand taking money out of her drawer. S.C.R., pp. 476-77.   Danko testified that she was having trouble hearing right after the event due to a rise in blood pressure; however, Danko did not testify that she remained in some "unconscious state" as asserted by Collins.  S.C.R., pp. 476, 495 (testimony that Danko was knocked unconscious for a few seconds or about thirty (30) seconds).  Danko went on to testify on cross-examination that she was positive about seeing a gun because she remembered "getting on [her] knees and just putting [her] head down like this and saying 'Please, don't let him shoot anybody.'" S.C.R., p. 496.

24

Danko did not identify either Collins or his co-defendant; rather, her testimony was offered to show that the robbery was committed with a gun.   There is nothing in the record to indicate that counsel was not completely prepared in his cross-examination of Danko to make his point to the jury on whether Danko actually saw a gun during the robbery. Counsel thoroughly and effectively cross-examined Danko with regard to the type of gun and what she saw, particularly in light of her prior statements to law enforcement officers. S.C.R., pp. 493-500.  Danko also admitted, in response to defense counsel's question, that she could see no gun on the videotape of the transaction entered into evidence. S.C.R., p. 497.  Accordingly, respondents submit that Collins has failed to show any deficiency in counsel's actions in cross-examination of the witness Susan Danko.

Moreover, Collins has clearly failed to show how the outcome of the proceeding would have been different if counsel would have obtained some unknown medical record or what an expert would have testified based on those records that would have affected the outcome of the trial. Collins' argument that counsel should have called an expert witness are conclusory allegations which do not support a claim for habeas relief.  "[U]nsupported claims regarding the uncalled expert witness are speculative and disfavored by [the Fifth Circuit] as grounds for demonstrating ineffective assistance of counsel." *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002) (citations omitted).  "Furthermore, [Collins] must be able to show 'a reasonable probability that, but for counsel's failure to request an expert, the jury would have had a reasonable doubt concerning his guilt.'" *Evans,* 285 F.3d at 377 (quoting *Earhart v. Johnson,* 132 F.3d 1062, 1068 (5th Cir.1998)). Therefore, this claim of ineffective assistance of counsel must also fail.

Collins argues that counsel was ineffective for failing to make an opening statement and failing to present viable evidence.  The decision to waive opening statements was made by

both counsel for Collins and counsel for Collins' co-defendant. Both counsel reserved the right to make their opening statements after the State's case (S.C.R., p. 461-62), and obviously decided ultimately that such was not necessary.  Clearly, the decision on whether to make an opening statement can be motivated by reasonable tactical objectives, and Collins has failed to overcome the presumption that counsel's decision was a strategic one.  Moreover, Collins has failed to state why the trial would have ended differently had Collins made an opening statement. *See United States v. Stedman,* 69 F.3d 737, 740 (5th Cir. 1995).

Finally, Collins submits that counsel was ineffective for failing to request a continuance to prepare for a presentence investigation to present mitigating evidence.  The record reflects that at sentencing, the State introduced certified copies of judgments on Collins' prior convictions for shoplifting, accessory after the fact to burglary, felony shoplifting as a habitual offender and burglary as a habitual offender.  S.C.R., pp. 843-44.  The court addressed both defendants and allowed them to speak on their own behalf.  Collins spoke freely with the judge about his feelings concerning his arrest, confinement and the trial itself. S.C.R., pp. 851-852. The court then imposed sentencing, taking into account the fact that Collins had been before the court several times. S.C.R., p. 856.

The Respondents noted initially that under state law, a defendant does not have a right to a presentence investigation; rather, it is in the trial court's discretion to allow investigation and reports. *See Taylor v. State,* 741 So. 2d 960, 964 (Miss. 1999).  Furthermore, Collins fails to state what additional evidence could have been discovered if there had been a continuance and how such would have affected his sentence if offered.  Collins simply argues that "[h]ad counsel requested a continuance and investigated the availability of mitigating evidence, he might have decided to present some of the mitigating materials at the sentencing hearing." *See* petition, p. 56.   Yet, Collins fails to make "particularized allegations or to identify probative

evidence in the record tending to support his allegations." *See United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). The Fifth Circuit has made it clear that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

Because Collins' claims are "conclusory and wholly unsupported by any probative evidence," (*Flores,* 135 F.3d at 1007), Collins has clearly failed to meet the deficiency prong of the *Strickland* analysis as he also fails to state how such actions of counsel affected his right to a fair trial. "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims].'" *Miller,* 200 F.3d at 282 (quoting *Barnard v. Collins,* 958 F.2d 634, 642 (5th Cir. 1992)); *see also United States v. Vasquez,* 298 F.3d 354, 360 (5th Cir. 2002) ("conclusory allegations respecting counsel's ineffectiveness are insufficient to show that he was prejudiced by counsel's representation of him in the state and federal proceedings . . . .").

The record supports a finding that counsel zealously represented Collins' interests at every stage of the trial and on direct appeal. It is clear from the record and the above discussion that counsel's performance was not deficient in any respect and the Petitioner has submitted no probative credible evidence to the contrary; therefore, it is not necessary to discuss the prejudice prong of the *Strickland* analysis. However, even assuming *arguendo* that Collins was able to show any possible deficiency in the above actions, Collins, as has also been discussed above, cannot show that but for these alleged errors that the outcome of the trial or appeal would have been different and therefore, has also failed to prove the second prong of *Strickland*. *See*

27

*Lockhart v. Fretwell,* 506 U.S. 364, 369-72 (1993) (to establish prejudice, petitioner must show that but for the alleged error the outcome would have been different and that alleged error deprived defendant of a fundamental right to which he was entitled). Accordingly, Collins' claims of ineffective assistance of counsel in Grounds Three and Four are without merit, and therefore, Collins is not entitled to relief on these claims.

Finally, Collins argues in Ground Ten that the trial court erred in overruling his *Batson* challenges and in taking judicial notice of the lack of discrimination by the District Attorney's office. This issue was also raised and discussed by the court of appeals in affirming Collins' conviction and sentence. The court noted that there were four prospective black jurors, and the State used peremptory challenges to strike two of them. *Collins,* 817 So. 2d at 655. After jury selection was complete, the trial judge made a record[8] that despite the defense's assertions to the contrary, the defense failed to make "a *prima facie* case that the State was using its peremptory challenges in an impermissible manner. *Id; see also* S.C.R., pp. 441-450. In his effort to "clear up" the record, the trial judge also stated that he would "take judicial notice that since the administration of Mr. Caranna in this office as DA, that the Court has not detected any challenges of jurors based on race." *Id.* at 655; *see also* S.C.R.. p. 443.

In reviewing Collins' claim, the court of appeals first addressed whether the court erred in taking "judicial notice" of the lack of discrimination by the district attorney. The court provided a historical discussion of *Swain v. Alabama*[9] regarding the use of peremptory challenges and noted that such a finding of lack of discrimination may have possibly been

_____

[8]As the court noted, "the peremptory challenges and ensuing discussion were not made part of the record." *Collins,* 817 So. 2d at 655. *See* S.C.R., p. 437 (noting that challenges were made at the bench). However, after jury selection was completed, the trial judge indicated that he needed to "clear the record" and made findings concerning whether the defense had established a *prima facie* case on the record. *Id.*

[9]380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

relevant prior to *Batson v. Kentucky,* 476 U.S. 79, 96, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986).
*Collins,* 817 So. 2d at 655.   The court also concluded, however, that "[t]he fact that the judge
spoke about this [lack of discrimination] on the record does not itself cause us to find error."
*Collins,* 817 So. 2d at 655-656.  The court found that "even without this statement, the judge
had a strong basis to overrule the defense objection." *Id.* As the court explained, a "*prima facie*
case on racial discrimination that justifies requiring an attorney to explain the reasons for
peremptory challenges is usually quite objective – has a pattern of striking all or almost all of a
certain racial group been set?" *Collins,* 817 So. 2d at 656 (citing *Batson,* 476 U.S. at 96-97.
"Only if a *prima facie* case is made must the attorney be put to the test of explaining the basis
for the challenges." *Id.* (citations omitted).

   In this case, both the trial court and the appellate court found that striking two black
venire members and accepting two did not create a pattern of racial discrimination. *Id; see also*
S.C.R., pp. 442-43.  As the court of appeals correctly held, "[t]here was no evidence that the
prosecutor was systematically removing most members of a specific race from the jury, nor did
the trial judge find that 'the facts and circumstances raised an inference that the prosecutor
used his peremptory challenges for the purpose of striking minorities.'" *Id.* at 656-57 (citation
omitted). Clearly, the state court's analysis of this issue under *Batson* was not contrary to or an
unreasonable application of clearly established federal law to the issue at hand; therefore,
habeas relief is not warranted for Collins' claim in Ground Ten.

   Collins has presented nothing in his habeas petition to overcome the deference afforded
the state appellate courts' decisions.  Furthermore, Collins has failed to prove that the state
court decision affirming his  conviction was an unreasonable application of law to the facts.
*See Williams v. Taylor, infra.*   Accordingly, Collins is not entitled to relief based on the

allegations contained in Grounds One, Two, Three, Four and Ten of the instant petition as stated above.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that upon review of the relief sought in the Petition of Petition of William Ray Collins, #56532, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, including those claims for ineffective assistance of counsel including but not limited to Ground III, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the pending motions of the Petitioner for Hearing [Doc. No. 28], to Proceed with Live Testimonial Evidentiary Hearing [Doc. No. 30], and Supplement [Doc. No. 31], be and are hereby **DENIED as MOOT** as such relief would be deemed futile in light of the Court's findings in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the _____29th_____ day of December, 2006.


**/S/   DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**